# IN THE COURT OF APPEALS OF IOWA

No. 16-2059
Filed May 2, 2018

**JEREMY MICHAEL CORY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, Michael J. Moon, Judge.

The applicant appeals from the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Jeremy Cory appeals from the district court's summary dismissal of his application for postconviction relief (PCR). Here, Cory maintains the district court erred in granting the State's motion for summary dismissal. Alternatively, he maintains PCR counsel provided ineffective assistance by allowing his PCR application to be summarily dismissed.

**I. Background Facts and Proceedings.**

In 2014, a jury found Cory guilty of first-degree murder in the shooting death of his wife.

Cory filed a direct appeal, arguing there was insufficient evidence to support the jury's verdict, the district court violated his right to present a defense by excluding evidence of his alcoholism, and the district court improperly excluded evidence of a burglary that occurred at his home two weeks after his arrest. *See State v. Cory*, No. 14-1436, 2015 WL 7567527, at *1 (Iowa Ct. App. Nov. 25, 2015). Cory also argued his trial counsel had provided ineffective assistance by failing to seek to suppress statements Cory made to law enforcement under article I, section 10 of the Iowa Constitution. *Id.*

A panel of our court affirmed Cory's conviction "[g]iven the overwhelming evidence of Cory's guilt" and preserved his claim of ineffective assistance for possible PCR proceedings. *Id.*

Cory filed an application for further review, which our supreme court denied. Procedendo issued on February 4, 2016.

He filed a pro se application for PCR on April 1, 2016. In it, Cory claimed trial counsel had provided ineffective assistance by advising Cory not to testify on

his own behalf "due to an imminent retrial." He also claimed prosecutorial misconduct, stating, "Prosecution withheld exculpatory evidence." Lastly, he stated, "The cumulative effect of all the errors was so prejudicial, applicant was denied a fair and impartial trial."

PCR counsel was appointed less than two weeks later and filed an appearance on April 21.

On April 26, the State filed an answer and motion for summary disposition. The State claimed summary dismissal was appropriate because there was no genuine issue of material fact upon which reasonable minds could draw different inferences, noting Cory and his trial counsel had engaged in a conversation on the record in which Cory indicated he was choosing not to testify. Additionally, Cory's blanket statement that exculpatory evidence was withheld, without a claim regarding specific evidence, was insufficient to withstand summary judgment.

Neither Cory nor his PCR attorney filed a resistance to the State's motion. After three continuances at the request of Cory's PCR counsel and one at the request of the State, the motion came on for hearing on October 17.

At the hearing, the State called Cory's trial counsel to testify. She testified she had conversations with Cory about his decision to testify on his own behalf, stating:

> Well, the conversations revolved around whether he should testify, that he had a constitutional right to testify, that that choice was going to be up to him. Ultimately, my recommendation was that he not testify. Part of that was dealing with the fact that there were gaps in his memory which could have been exploited by the prosecution to make our case weaker. Part of that was also just that it's definitely a gamble whether you put someone on the stand because you're leaving them open to cross-examination. Um, but he

was informed obviously that there could be a retrial if an appeal came back reversing the decision.

Trial counsel further testified that she did not threaten Cory, tell him he could not testify, nor promise or guarantee him that an appeal would result in the reversal of his conviction. Additionally, the PCR court accepted into evidence records from the trial, including the trial transcript in which Cory indicated to the court that he had been able to speak with his trial counsel about his right to testify and it was his decision not to do so. PCR counsel's only question of trial counsel was if she had been deposed in the PCR action; she indicated she had not.

PCR counsel presented no evidence at the PCR hearing, though he did provide oral argument, stating:

> We would resist the granting of the summary judgment. We believe that the purpose of a PCR is to develop a record upon which a judgment can be granted. At this point we haven't had a chance to— as counsel stated, we have a huge record on this case. I've had a chance to go through all of it once. I haven't had a chance to go through all of it in detail with my client at this point. We haven't had a chance to depose trial counsel.
>
> Based upon my initial assessment of everything that that's where I think his greatest concern lies is with the conduct of his trial counsel both in the preparation of the trial and during the trial. The transcript itself only indicates what happened in the courtroom. It doesn't indicate anything about what happened outside. During that period of time he was also going through a pretty strong detoxification from alcohol and drugs. So, that may also materially affect the situation.
>
> As the State indicated, I mean [the county attorney] is correct there is a lot of speculation going on here. It's very difficult to properly provide for you a more detailed argument at this point without having more time to go through, conduct proper depositions, and figure out which arguments my client feels are in his best interests to make before the Court.
>
> So, for purposes of this we don't feel that—we feel that it's a bit premature. We feel that what would be an appropriate remedy for this would be to request a new application for postconviction relief, which is what I've seen traditionally done to be filed within a period of time to attempt to narrow down the issues. . . . So, at this

point we don't believe the record has been developed to any point that it would be sufficient for a proper record to be made.

The PCR court granted the State's motion for summary dismissal, finding Cory's claim that trial counsel provided ineffective assistance by advising him not to testify in his own defense was without merit. The court noted trial counsel's testimony at the PCR hearing and the record from the underlying trial when Cory indicated he understood his right to testify and was waiving the right. Additionally, the PCR court found Cory had failed to set forth any evidence to support his claim the prosecutor had withheld exculpatory evidence and ruled that a mere allegation, unsupported by any affidavit or evidence, could not withstand the motion for summary judgment.

Cory appeals.

## II. Standard of Review.

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). This includes summary dismissals of applications for PCR. *Id.* However, applications that allege ineffective assistance raise a constitutional claim, which we review de novo. *Id.*

## III. Discussion.

### A. PCR Court.

Although Cory maintains he is challenging the propriety of the district court's summary dismissal of his application for PCR, Cory has not claimed that a genuine issue of material fact exists or that the court misapplied the law in reaching its decision. *See id.* at 793 ("[S]ummary judgment is proper when the record reveals only a conflict over the legal consequences of undisputed facts. The moving party

is required to affirmatively establish that the undisputed facts support judgment under the controlling law." (citation omitted)). Cory claims "he should have been allowed to develop the record regarding the performance of trial counsel prior to a hearing on the motion for summary judgment or summary disposition."

In other words, Cory is not claiming the PCR court erred based on the record that was before it; rather, he is claiming he should have been allowed to create a better record. But, as the PCR court noted in its ruling, PCR counsel did not ask that the hearing on the motion for summary judgment be continued[1] even though counsel had no evidence, affidavits, records, or testimony prepared to offer at the hearing.

Based on the record that was before the PCR court at the time of the hearing for motion on summary judgment, we cannot say the court erred in granting the State's motion.

**B. Ineffective Assistance of PCR Counsel.**

Alternatively, Cory maintains PCR counsel was ineffective for allowing his application for PCR to be summarily dismissed. In a claim of ineffective assistance, the party claiming he or she received ineffective assistance has the burden to establish that counsel breached an essential duty and prejudice resulted from the breach. *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). Here, Cory concedes he "cannot specifically point to any action which" PCR counsel did or did not do that "would have changed the outcome of this hearing." Thus, the only way Cory may obtain relief is if we determine PCR counsel committed structural error

---

[1] PCR counsel requested and obtained three continuances before the October hearing, but he did not request a continuance leading up to or during the October 17 hearing.

in his representation of Cory, as no specific showing of prejudice is required in such an instance. *See id.* at 252 (providing that structural error occurs when: "(1) counsel is completely denied, actually or constructively, at a crucial stage in the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants"). But Cory has not asked us to find structural error.

We note that Cory may still bring additional PCR actions, as the three-year window does not close until February 2019. *See* Iowa Code § 822.3 (2016) (requiring PCR applications to "be filed within three years from the date" "the writ of procedendo is issued"). In this situation, we believe the most prudent option is to preserve Cory's claim that PCR counsel provided ineffective assistance to allow for further development of the record in possible future PCR actions.

**AFFIRMED.**